ACISCLO BOU DE LA TORRE, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 753. Submitted March 9, 1929.—Decided March 19, 1929.

*M. Acosta Velarde* for the appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

A deed, after reciting that $1,550 had been paid by the purchaser, set forth that $75 remained unpaid and that the purchaser had executed a note to cover the unpaid amount. No mortgage was executed to cover the amount so left unpaid and no reservation of a right to annul the deed was reserved. By another deed Marcel Abherve, the said purchaser, recited that he had received $1,000 from Acisclo Bou de la Torre as a loan and that the said Abherve had executed a mortgage to secure the amount loaned, as well as an additional amount in case of execution.

When the latter deed was presented in the registry it was recorded, but with the statement that the property was affected "by a recital (*mención*) of a note." Acisclo Bou appealed.

In *Bas* v. *Ferrán*, 14 P.R.R. 181, we held that a vendor of real estate acquires no additional or constructive rights by the recital in the deed of sale that a part of the purchase money remained unpaid. In other words, that a third person buying the property would not be bound by the recital; that nothing like a mortgage right was created by the recital. The whole case may be consulted.

We therefore feel bound to hold that no right was created of which the registrar need take notice. The fact that the law requires a number of years before a recital becomes extinguished can make no difference. The recital (*mención*) to which the legislation refers is one which establishes a real right in some one. The registrar has no duty to make any further annotation or to throw any cloud on the title. The deed previously recorded, if any possible rights arise, speaks for itself.

The note will be reversed.